

JUN 24 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

H. CRAIG FABIAN

    Plaintiff,

vs.

Case No.: 3:11cv407

TOWER PROPERTIES, LLC, a Virginia limited
Liability company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, H. CRAIG FABIAN ("Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues TOWER PROPERTIES, LLC., a Virginia limited liability company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181, et.seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA").

2. This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343. Venue is proper in this Court pursuant to 28 U.S.C. §1391(B) and Local Rules of the United States District Court for the Eastern District of Virginia.

3. Plaintiff, H. CRAIG FABIAN (hereinafter referred to as "MR FABIAN") is a resident of the State of Virginia and is a qualified individual with a disability under the ADA. MR FABIAN suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other

1

applicable Federal statutes and regulations. Prior to instituting the instant action, MR FABIAN personally visited the Defendant's premises, **Tower Plaza Shopping Center,** located at and around the intersection of **3401-3431 Cox Rd., Richmond, VA,** (hereinafter referred to as the "SHOPPING CENTER"), and was denied full, safe and equal access to the Defendant's premises due to the barriers to access which exist and the Defendant's lack of compliance with the ADA. MR FABIAN intends to and continues to desire to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access and violations which continue to exist. On October 11, 2010, plaintiff sent a letter to defendant, through Compliance Alliance, notifying Defendant of the alleged barriers to access at its bar/restaurant. Said letter is attached hereto as Exhibit "A" and incorporated herein. Defendant never responded to said letter.

4. The Defendant, TOWER PROPERTIES, LLC, a Virginia limited liability company, (hereinafter referred to as "TOWER PROPERTIES") is authorized to conduct and is conducting business in the State of Virginia. Upon information and belief, TOWER PROPERTIES is the owner and/or operator of the SHOPPING CENTER.

5. All events giving rise to this lawsuit occurred in the Eastern District of Virginia in Richmond.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one-and-a-half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment

owned and/or operated by TOWER PROPERTIES is a place of public accommodation in that it is a SHOPPING CENTER, which provides goods and services to the public.

8. Defendant, TOWER PROPERTIES has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the SHOPPING CENTER in derogation of 42 U.S.C. § 12101 et. seq.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the SHOPPING CENTER. Prior to the filing of this lawsuit, the Plaintiff visited the Defendant's premises and was denied access to the benefits, accommodations and services of the Defendant's place of public accommodation and therefore suffered an injury in fact. In addition, the Plaintiff continues to desire and intends to visit the SHOPPING CENTER, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at the SHOPPING CENTER in violation of the ADA. MR FABIAN has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. TOWER PROPERTIES is in violation of 42 U.S.C. § 12181 et.seq and 28 C.F.R. § 36.302 et seq., and are discriminating against the Plaintiff as a result of inter alia, the following specific barriers to access:

    i. There are an insufficient number of accessible parking spaces at the facility;

ii. Some of the existing signage does not denote verbiage required by state or local building codes;
iii. There are no "van" accessible spaces at the facility;
iv. The curb ramps are not fully contained within the access aisles;
v. The accessible route of travel may be reduced to less than 36' due to vehicle overhang and/or outdoor dining elements;

12. There are other current violations of the ADA at the SHOPPING CENTER owned and/or operated by TOWER PROPERTIES that are not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, TOWER PROPERTIES was required to make the subject property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, TOWER PROPERTIES has failed to comply with this mandate.

15. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by TOWER PROPERTIES, pursuant to 42 U.S.C. § 12205.

16. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against TOWER PROPERTIES and requests the following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by TOWER PROPERTIES is violative of the ADA;

B. That the Court enter an Order directing TOWER PROPERTIES to alter the subject facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing TOWER PROPERTIES to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated April 11, 2011  Respectfully submitted,

/s/ James T. Tsai
James Tse Chung Tsai, Esquire
Virginia Bar No. 76141
Pesner Kawamoto Conway, PLC
7926 Jones Branch Dr. Suite 930
McLean, VA 22102
Telephone: (703) 506-9440
Facsimile: (703)506-0929
jtsai@pkc-law.com
*Local Counsel*
Stephan M. Nitz, Esquire
Florida Bar No. 0045561
Schwartz Zweben, LLP
3876 Sheridan Street,
Hollywood, FL 33021
Telephone: (954) 966-2483
snitz@szalaw.com
*Proposed Pro hac vice Lead Counsel*